# EXHIBIT
# A

Filing # 249855925 E-Filed 06/08/2026 02:07:49 PM

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR MANATEE COUNTY, FLORIDA**

**DEANGELA GRIFFIN,**
**Plaintiff,**

**vs.** **CASE NO.:**

**WAL-MART STORES EAST LP,**
**A Foreign Limited Partnership**
**Defendant.**

## COMPLAINT

**COMES NOW,** Plaintiff, DEANGELA GRIFFIN, by and through the undersigned attorney, and sues the Defendant, WAL-MART STORES EAST LP and states as follows:

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees, and is otherwise within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff, DEANGELA GRIFFIN, was and is a resident of Manatee County, Florida.

3. At all times material hereto, Defendant, WAL-MART STORES EAST, LP ("Walmart"), was and is a foreign limited partnership authorized to and doing business in Manatee County, Florida.

4. At all times material hereto, Walmart owned, operated, occupied, controlled, managed, and/or maintained the retail store premises located at 8320 N Lockwood Ridge Rd, Sarasota, FL 34243, in Manatee County, Florida (the "Premises").

5. Venue is proper in Manatee County, Florida, because the cause of action accrued in Manatee County, Florida.

6. On or about December 18, 2024, Plaintiff was lawfully present on the Premises as a business invitee, for the purpose of shopping and purchasing goods, for the mutual benefit of Plaintiff and Walmart.



"2026CA001374AX" 249855925 Filed at Manatee County Clerk 06/08/2026 02:07:48 PM EDT

7. At all times material hereto, Plaintiff was pregnant, a fact that was open, obvious, and apparent.

8. At said time and place, water and/or other liquid was present on the floor of the Premises in an area open to and traversed by customers, thereby creating a dangerous, hazardous, and slippery condition (the "dangerous condition").

9. The source of the water and/or liquid is unknown to Plaintiff and is within the superior and/or exclusive knowledge of Walmart.

10. The dangerous condition existed for a sufficient length of time prior to Plaintiff's fall that Walmart, in the exercise of ordinary care, knew or should have known of its presence.

11. Plaintiff further alleges that the water and/or liquid was dirty, discolored, and/or contained cart tracks, and/or smear marks, indicating that it had been present on the floor for a substantial period of time.

12. The dangerous condition was not open and obvious and was not readily apparent to Plaintiff or to other invitees exercising reasonable care.

13. No warning sign, cone, barricade, caution placard, or other warning was placed to alert Plaintiff or other invitees of the dangerous condition.

14. While walking on the Premises in the exercise of reasonable care for her own safety, Plaintiff stepped on the water and/or liquid, slipped, and fell violently to the floor.

15. As a direct and proximate result of the fall, Plaintiff was caused to go into premature and/or early labor and sustained serious and permanent bodily injuries, as further described below.

## COUNT I — NEGLIGENCE

16. Plaintiff readopts and realleges paragraphs 1 through 15 above as if fully set forth herein.



"2026CA001374AX" 249855925 Filed at Manatee County Clerk 06/08/2026 02:07:48 PM EDT

17. At all times material hereto, Walmart owed Plaintiff, as a business invitee, the following duties: (a) to use reasonable care in maintaining the Premises in a reasonably safe condition; (b) to warn Plaintiff of dangerous conditions about which Walmart knew or should have known and which were not readily apparent to invitees; and (c) to reasonably and regularly inspect the Premises so as to discover and to correct or remove dangerous conditions.

18. The dangerous condition described above constituted a transitory foreign substance within the meaning of section 768.0755, Florida Statutes. Walmart had actual and/or constructive knowledge of the dangerous condition and should have taken action to remedy it.

19. Walmart had constructive knowledge of the dangerous condition because: (a) the condition existed for a length of time such that, in the exercise of ordinary care, Walmart should have known of the condition; and/or (b) the condition occurred with regularity and was therefore foreseeable. Walmart had actual knowledge of the dangerous condition to the extent it or its employees, agents, or servants created or were aware of the condition prior to Plaintiff's fall.

20. Notwithstanding its actual and/or constructive knowledge of the dangerous condition, Walmart, by and through its employees, agents, and/or servants, breached the duties owed to Plaintiff in one or more of the following ways:

a. failing to maintain the Premises in a reasonably safe condition;

b. failing to remove, clean up, dry, mop, or otherwise remedy the dangerous condition within a reasonable time;

c. failing to warn Plaintiff of the dangerous condition by signs, cones, barricades, caution placards, or other reasonable means;

d. failing to cordon off, block, guard, or otherwise restrict access to the area containing the dangerous condition;

e. failing to reasonably and regularly inspect the Premises so as to discover the dangerous condition; and

f. failing to implement and follow reasonable policies and procedures for the inspection of the Premises and the discovery and removal of dangerous conditions.

21. As a direct and proximate result of the negligence of Walmart, Plaintiff was caused to go into premature and/or early labor and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, DEANGELA GRIFFIN, demands judgment for damages against Defendant, WAL-MART STORES EAST, LP, together with costs of this action, and demands trial by jury of all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as of right.

Respectfully submitted:

____/s/ Dominique S. Brown
Dominique S. Brown, Esq.
**The Dream Law Firm, PLLC**
P.O. Box 1117
Ellenton, Florida 34222
Phone: 941-251-6024
FBN 1015362
E-mail: Dominique@TheDreamLawFirm.com
Counsel for Plaintiff